Good morning, Your Honors, and may it please the Court. I am Senior Deputy Attorney General Victoria Quarry, and as my first time in front of the Ninth Circuit, I am honored to present appellants in this matter. We are in front of the United States Court of Appeals for the Ninth Circuit, seeking reversal of the District Court's judgment. I would like to reserve two minutes for rebuttal. Unless the Court prefers otherwise, I will begin with addressing the fact that this Court does have jurisdiction over this matter. Then I will address the fact that the District Court improperly relied on allegations not supported by evidence. And finally, I will address the fact that appellants are entitled to qualified immunity, as there was no Eighth Amendment conditions of confinement violation, since there was no personal participation, no cause, and no harm. As a preliminary matter, this Court does have jurisdiction over this case. The Supreme Court has expressly rejected Mr. Hintze's argument that this Court lacks jurisdiction over this appeal because the District Court erroneously determined that a material dispute of fact was present. Appellants in their opening brief argued that even when all material factual disputes are resolved and all reasonable inferences are drawn in Mr. Hintze's favor, Mr. Hintze still failed to meet his burden of establishing that each defendant would have understood that what he or she was doing through his or her own actions violated clearly established law beyond debate. Ms. Corey, can I jump in? Are your arguments essentially saying that the evidence is insufficient to create a material dispute of fact? That is correct, Your Honor. Why isn't that barred, categorically barred, on interlocutory review? That seems to be the reading of Johnson, Estate of Anderson, George, several Supreme Court and Ninth Circuit cases. Well, Your Honor, this case is different in those regards because as the Court recently, even in the Cortez matter, this Court found that there was no problem with any jurisdictional issue on a qualified immunity appeal because in order to reverse the district court's evidentiary ruling, that defendant's evidence was inadmissible because the district court's ruling was based on incorrect legal standard, which is what we are arguing here. But you're essentially saying that the incorrect legal standard was that there should not have been a tribal dispute, but the district court found one. Well, Your Honor, we're saying that the incorrect legal standard that the district court relied upon was allowing inadmissible evidence in their determination that there was a material dispute of genuine fact. But isn't that essentially a dispute about whether the evidence is sufficient or would be sufficient for plaintiffs to bring forward at trial? I mean, that seems to be the baseline of what makes this categorically unreviewable by us. I'm just having a hard time seeing why that's not the case. Well, Your Honor, we're saying that even if we take all admissible facts in light of Mr. Heinsen and his favor, that there is no dispute of genuine fact. And we're arguing here that the reliance on inadmissible evidence was legally incorrect. So what's your best case for the proposition that the reliance on inadmissible evidence does allow us to have jurisdiction to review this case? Can you give me one moment, Your Honor? Counsel, if you want, you can get back to us and rebuttal on that. I apologize, Your Honor. No, it's okay. So I think I have a different perspective than my colleague. I tend to agree with you that we have jurisdiction, so I want to concentrate on two other areas. First, you're familiar with the Hampton v. California case, right? I am, Your Honor. Okay. And we said in Hampton, in light of the cases that we cited, and I was on the Hampton panel, all reasonable officials would have been on notice in 2020 that they could be held liable for exposing inmates to a serious disease, including a serious communicable disease. Although COVID-19 may have been unprecedented, the legal theory that plaintiffs assert is not. So that's binding on us, right? In a sense, Your Honor, that is correct. The case law is that we do have a duty to prevent serious communicable diseases. Okay. So then let's get to the undisputed or the disputed material facts. So Mr. Hintz put in a declaration that said, for example, under penalty of perjuries, the correctional officers, and I'm looking here at ER 144, would intentionally cough in the direction of plaintiffs and others, and that the correctional officers often failed to enforce the rules requiring inmates to wear masks. So you may think that that fact is wrong, but in the light most favorable to Mr. Hintz, those are undisputed facts, right? That is correct, Your Honor. However, even if that were true, that does not rise to the level of the Eighth Amendment violation here, because Mr. Hintz cannot show the causation between his allegations and him contracting COVID-19 infection. Well, but we're at the pleading stage. I'm looking at ER 145. Several times when plaintiff and other inmates complained, correctional officers would state that they wanted the inmate population to get COVID-19. So that's also, you dispute that, but that's also a material fact that we can look at, right? Well, Your Honor, it is, but it has no bearing here. How can it have no bearing if Mr. Hintz is saying under oath that he was and other inmates were intentionally exposed to COVID-19, that people knew the rules and intentionally disregarded them because they wanted the inmates to get COVID-19? How could that have no bearing here? How could that not at the pleading stage be something that we can look at for causation? Well, Your Honor, even if we take that as true. Well, we have to take it as true. Yes, and taking it as true, that still does not rise to the level of the Eighth Amendment violation here because it is our contention and it is that he cannot show that anything that happened during his allegations of March to December of 2020 caused him to get COVID-19 in January of 2022. He also alleges that there were certain correctional officers that were transferred from another prison where there had been an outbreak of COVID. And when they were brought over to this institution, they did a three-day cell search that exposed people to COVID. Why isn't that sufficient to shore up causation issues? Again, if we have to take those as true. If we have to take those as true is because there is, in order for Mr. Hintz to show that somehow what defendants did caused him to receive COVID-19, he has to show that causal link. Here, he only sues the deputy directors, the director, and the wardens of the institution. He does not sue any of the officers that he alleged did this. He doesn't say that specifically. But he's alleging that those defendants were responsible for the transfer of the correctional officers to the institution after the outbreak and allowing them without proper coverage and masking to conduct the cell searches. I think what Judge Bennett and I are honing in on is you're trying to dispute the facts, but on interlocutory review, we are not weighing evidence. We are taking plaintiff's allegations. If we even had jurisdiction, we must take plaintiff's allegations as true and decide whether a constitutional violation has been sufficiently alleged. And that's correct, Your Honor. And what I would say is even taking everything as true and everything that Mr. Hintz says as true, it still does not rise to the level of an Eighth Amendment violation. This court in the Freyette matter had held that even when the immigration officials, for immigration detainees, even as they were responding to the ever-evolving and unprecedented COVID-19 pandemic, just because their implementation of the policies and procedures was not perfect does not mean that it rises to the level of an Eighth Amendment violation. We are asking you to hold the same here because those cases are very similar in what is happening. All right, counsel, if you want to reserve the rest of your time. Can I ask one more question? There was just something that just occurred to me. This argument about no admissible evidence and inadmissible hearsay, these evidentiary objections, did you raise them in your motion for summary judgment before the district court? In front of the district court, the magistrate judge properly held that Mr. Hintz did not provide any evidence. But did you raise these evidentiary objections in your motion for summary judgment before the district court? I'm trying to get at whether you waived it or not. We did not waive it, Your Honor. In our reply in support of our motion for summary judgment, we did say that he did not provide any admissible evidence to contradict the evidence that we have. But you didn't raise anything in the initial motion itself that this evidence that he's relying on, is it admissible hearsay or not evidence that could be put forward at trial? Well, Your Honor, it was our motion for summary judgment, so we had provided the evidence. And in his opposition, he did not provide any admissible evidence. And we had pointed that out in our reply in support of. So we had raised that objection in our reply. So you filed a motion for summary judgment. Here's our evidence. They came back. No, here's our evidence. And you came back to the district court and your reply says their evidence is no good. Yes. All right. Counsel, we will give you your full two minutes for rebuttal. Thank you, Your Honors. Thank you, Your Honor. Good morning, Your Honors. I may please the court. Cesar Lopez-Morales from ORIC on behalf of Plaintiff Appellee Jason Hintz. Defendants moved for summary judgment based on a straightforward theory supported by a broad declaration. Here's what they said. And I quote, During the entirety of the COVID-19 pandemic, Loglock Correctional Center followed all policies and procedures pertaining to COVID-19. End quote. This is the warden's deck? This is the Collier Declaration, Your Honor. Yeah. He was then the associate. That's right. Yeah. And of course, this was disputed, which is exactly what the district court found when it denied their motion. Dependents have appealed that determination. But this kind of challenge is both improper as a jurisdictional matter and is wrong on the merits. Let me first start with jurisdiction. We think that a simple rule articulated by this court time and again decides this appeal. And that rule is that a public official may not immediately appeal the determination about whether or not there is enough evidence in the pretrial record to create a genuine dispute of fact. So, counsel, let me push back on that. So let's say, and I'm not saying this is what happened here, but let's say there were a declaration by an inmate who's suing the warden. And he says in his declaration, the warden knew X, Y, and Z. And there's a summary judgment motion, and when he's pressed on that at summary judgment, he says, well, Jimmy told Fred who told Sally who told me that the warden knew X, Y, Z. Or put in seven other levels of hearsay. And the district judge says, that's a material dispute of fact on this. I'm relying on the plaintiff's declaration. And we wouldn't have jurisdiction to say, no, there are no undisputed issues of material fact, because you can't, under Rule 56, rely on a declaration that can't possibly be admissible, because it has eight or 80 levels of hearsay. No jurisdiction, no matter how bad the district court got it. So, a couple of points, Your Honor. We think that issues of admissibility, and the vast majority of circuits have held this. The Sixth Circuit, the Seventh Circuit, the Tenth Circuit, the Eleventh Circuit, and even this Court in several unpublished decisions. Issues of admissibility relate exclusively to what a party can prove at trial, whether they can prove a certain fact, whether a certain fact is true. And that's what's categorically unreviewable in the words of this Court in George, under the Supreme Court's decision in Johnson. In your example, Your Honor, even if we were to agree that an issue of admissibility can be reviewed in an interlocutory posture, and I'm not aware of a decision in those circuits or in the circuit where that's allowed, in your hypothetical, Your Honor, it's very important that that issue of hearsay, that evidentiary objection, was raised below. So there's an actual decision by the Court that says, sure, this is not hearsay, we're going to consider this evidence. So in my hypothetical, assuming it were properly raised, you would concede we would have jurisdiction? In your hypothetical, our bottom line position is still that issues of admissibility are not reviewable because they relate to the genuineness of a factual dispute. No matter how absurd? That's right, Your Honor. I don't mean to make light of what obviously is the serious case, but even if it were at a level like, I was visited by an alien, and he told me this, and the district court said, yes, admissible. So, Your Honor, I think in that situation, I would emphasize that there are other guardrails that this Court can rely on. Two, the first one is the blatant contradiction standard. We think there's, the blatant contradiction standard allows this Court to rely on the record to find where an allegation or an assertion is visible fiction, where something is blatantly contradicted by the record, this Court will disregard it. There's nothing remotely similar to that here. We also have an exception which would be inconsistent with the rule you're citing is that, well, you know, we look at videos ourselves. So even if the district court saw something in a video, we could disregard that because we look at the videos ourselves? So, Your Honor, you're exactly right. And how is that consistent with the rule you're citing? So that is the blatant contradiction standard. It's what the Supreme Court articulated in Scott v. Harris, in Plumoff v. Rickard, this Court in Oren v. City of Tacoma. Appellate courts can review the evidence. You can look at the video and say what the plaintiff is saying is simply contradicted. It's not true by the evidence in the record. I'm looking at the video. It's just not true. We have nothing like that here. We can do that in an interlocutory appeal of a qualified immunity summary judgment denial. That's right, Your Honor. And Scott, Plumoff are examples of that. Oren v. City of Tacoma is another example of that. There's just no evidence here that blatantly contradicts my client's assertions. And you were about to argue, I think, to get on the waiver issue, even if we had jurisdiction to review the inadmissibility of the evidence, was that issue waived by not being presented below? It was absolutely waived, Your Honor. It was the sentence that my friend on the other side refers to in the reply. What it says is my client did not present evidence, much less admissible evidence of certain things. That's not an evidentiary objection. To make an evidentiary objection, you have to lay the foundation for the objection. You have to say, I am objecting because this is hearsay. Is that why the district court rejected it? Your Honor, the district court did what it was supposed to do. The district court got to the merits, right? That's right, Your Honor. So because the district court got to the merits, we have a lot of cases that say we can reach that, even if they didn't cross all their T's and dot all their I's below, because the district court got past that. So, Your Honor, what this court in a state of Anderson said is the question of whether there is interlocutory jurisdiction turns on the nature of the defendant's argument on appeal. And in the opening brief, and here this morning today, for my friend on the other side conceded, they are appealing the determination of whether there is a genuine factual dispute. And whether they prevail on the merits, they have conceded that that argument of whether there is an Eighth Amendment violation depends on whether my client's evidence is sufficient to create a genuine factual dispute. Even this morning, my friend on the other side disregarded the fact that my client testified that he contracted COVID in December of 2020, not in January of 2022. Can I just clarify one thing? When you say that the district court got to the merits, what it did was it said that there was a genuine dispute of material fact on these allegations. Did it get into issues of whether the evidence presented by plaintiffs was inadmissible hearsay or other things? It did not, Your Honor. It didn't because it wasn't presented at the motion for summary judgment. Is that correct? That's right. It was not presented in motion for summary judgment or in reply. All it did was there are genuine issues of material fact as to whether the conduct violated the Eighth Amendment and whether that violation was of a clearly established right. But the district court also, on a number of occasions, cited the specific things your client said under penalty of perjury, right? That's right, Your Honor. It did cite the verified complaint and it did cite the... And it did say verified complaint under oath, etc. So, I mean, your client was subscribing to it either under oath or under penalty of perjury. That's right, Your Honor. And one last point on jurisdiction because I do want to address the merits. When there is an argument on appeal that all you are challenging is the genuineness of a factual dispute, even when the district court has reached the merits, what this court has done time and again in identical circumstances, in Anderson, Buscanyan v. Upchurch, Bow v. Molina, other cases we have cited in our brief is to dismiss the appeal for lack of jurisdiction. So can I just, because I think your friend on the other side might try to come up with a case on rebuttal in answer to my question, but are you aware of any case where a district court finding a genuine dispute on the basis of inadmissible evidence is reviewable on interlocutory review for qualified immunity purposes? I have, Your Honor. Not in the Ninth Circuit. There are cases in the Fifth Circuit and the Eighth Circuit that have said issues of admissibility are reviewable. So there is some disagreement among the circuits on this question. We think this court doesn't need to resolve that disagreement for the simple reason that there was no evidentiary objection below. But I would encourage this court to look at footnote 12 of the Ellis v. Salt Lake City decision by the Tenth Circuit from last year. In footnote 12, it explains why those decisions by the Eighth Circuit and Fifth Circuit are wrong. What the Eighth Circuit and Fifth Circuit have said, sure, issues of admissibility are legal questions. Those are the things that you review in an interlocutory posture. But that kind of reasoning is in tension with this court's reading of Johnson, and Anderson is a best example of that, which is we're not looking at any legal question in interlocutory posture. We're looking at what Johnson said are pure abstract issues of law or pure abstract legal questions. And what that means is we're looking about if taking the allegations as true in my client's favor, whether that conduct has violated the Constitution and particularly a clearly established right. One very quick question. How would you characterize the clearly established right that is at issue here, and what's the best authority for that? So, Your Honor, Hampton v. California, as Judge Bennett was on the panel, he's well aware. Maney v. Oregon, another decision by this court. Both decisions say that the clearly established right at issue is the right to be free from involuntary exposure to a serious disease. And the court in Hampton said that right has been clearly established at least since 1993 in the Supreme Court's decision in Helling. And is there a knowingly and unreasonably element to the prison official's behavior that has to be present? That's absolutely right, Your Honor. We think, just as in Hampton, just as in Maney, the fact that defendants hear high-level officials, which is what's different from the cases like Blake and Byrd cited in my friend's reply brief, when high-level prison officials are sued, and they are aware of pervasive violations of COVID mitigation policies that is deliberate indifference to a substantial risk of serious harm. Thank you. All right. Thank you. Thank you, Your Honors. Just briefly, Your Honors, I wanted to address the question of the best case regarding jurisdiction. I apologize for not having that ready earlier. That's okay. But I would assert that there are three that are kind of on point with how you guys have jurisdiction in this matter. The first one, the Cortez case that was decided in 2025 that I briefly spoke about earlier, where this court had no problem with jurisdiction on a qualified immunity appeal, which is what we're here on as well, to reverse the district court's evidentiary ruling that defendant's evidence was inadmissible because the district court's ruling is based on incorrect legal standard. I would also point to the plumb of it. And was that about inadmissible evidence, did you say? Yes, the district court found that defendant's evidence was inadmissible and the Ninth Circuit reversed and remanded saying that the evidence was admissible at that point. Also, the Plumhoff case, the Supreme Court held that the appellate court properly exercises jurisdiction over an appeal of the denial of a motion for summary judgment asserting qualified immunity when it is beyond serious dispute that the defendants did not violate the Constitution, even though the district court determined that there exists a triable issue of fact. That goes to the idea that even if there is a genuine issue of material fact here, you guys, the Ninth Circuit still does have jurisdiction to rule on this matter and determine whether or not, even with that dispute of fact, if defendants did violate the Eighth Amendment, which we contend did not happen here. And also in Carley, that this court, recently in the Carley case, this court held that even when the district court concludes there's still a genuine dispute of material fact, the court still has jurisdiction to determine whether the defendant would be entitled to qualified immunity as a matter of law, even after assuming all factual disputes are resolved and all reasonable inferences are drawn in plaintiff's favor, which is what we are arguing here. Your Honors, we are asking the court to reverse the district court's ruling in this matter as they, not only did they rely on inadmissible evidence to create a genuine dispute of material fact here, but even so, there was no Eighth Amendment violation in this case. The record reflects that defendants were abiding by all policies and procedures during the ever-changing, once-in-a-lifetime COVID-19 pandemic, and then they were doing what they could. Mr. Heinz's allegation... All right, counsel, we thank you for your argument. Thank you. We thank both counsel for their arguments and the case just argued is submitted. With that, we'll move to the second and final case on the argument calendar, United States v. Nevada.
judges: BENNETT, SANCHEZ, Holcomb